IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MONO M. DENNIS                                                                                              PLAINTIFF

VS.                                                                                                              4:05CV51-D-B

MIKE JOHANNS, SECRETARY OF AGRICULTURE,
UNITED STATES DEPARTMENT OF AGRICULTURE                                           DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is the Defendant's motion to dismiss, or in the alternative motion for summary judgment. Upon due consideration, the Court will treat this as a motion for summary judgment, and the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff commenced her employment with the United States Department of Agriculture (USDA)- Farm Service Agency (FSA) in 1986 as a program technician. The Plaintiff worked at the FSA's Washington County office, located in Greenville, Mississippi. On June 8, 1998, Kathy Farley became the County Executive Director (CED) in the Washington County office. Upon becoming CED, Ms. Farley instituted a plethora of new office rules. The Plaintiff claims that at this juncture her work environment depreciated markedly.

On June 15, 1998, the Plaintiff received a letter of counseling regarding office visits and use of government-owned equipment for nonofficial purposes. On September 29, 1998, Plaintiff received a letter of counseling due to Plaintiff's improper use of the telephone. On October 15, 1998, the Plaintiff received an official reprimand letter for failing to follow office procedures governing the use of the office for personal or family gain. All of these rules were created by the new CED Kathy Farley.

During her employment with the USDA, the Plaintiff and several other employees were involved in a prior Equal Opportunity Employment (EEO) complaint against the USDA. The Plaintiff alleges that Farley and her superiors at the USDA identified her as one of the leaders of the group that initiated those complaints. The Plaintiff asserts that Farley's harassment of her started when the investigation into the prior EEO complaints began.

The Plaintiff resigned from the FSA on October 19, 1998. The Plaintiff asserts that she was required to have surgery to repair a serious medical condition. When she submitted written documentation from her doctor and applied for leave under the Family Medical Leave Act, the Plaintiff claims that Farley declared this documentation was insufficient. The Plaintiff alleges that Farley required more documentation and more information about the type of surgery. Because of the personal nature of the surgery and the hostile attitude exhibited by Farley, the Plaintiff stated she submitted her resignation.

In July 1999, the Plaintiff discovered that the FSA failed to remit money to the United States Bankruptcy Court on behalf of the Plaintiff. The subject money had been deducted from her paychecks by the FSA, but had not been remitted to the bankruptcy court. The Plaintiff was understandably upset and thus contacted an EEO counselor on August 23, 1999. The Plaintiff submitted her formal complaint of discrimination on September 29, 1999. That complaint, assigned No. 000074, stated that the FSA has continuously harassed the Plaintiff on the basis of reprisal by creating a hostile work environment beginning in 1998, resulting in constructive discharge. The Plaintiff included specific acts of harassment including: (1) counseling and reprimand letters, (2) subjected to rude, unprofessional and harassing comments, and (3) alleged she was required to produce more than the normal amount of medical documentation for requested sick leave.

2

The Final Agency Decision was rendered on May 29, 2003, finding that the Plaintiff could not make a prima facie case for discrimination. The Plaintiff appealed this decision to the United States Equal Employment Opportunity Commission (EEOC). On November 29, 2004, the EEOC affirmed the Final Agency Decision and denied the Plaintiff's appeal. In that decision, the EEOC notified the Plaintiff that she had ninety days to file a civil suit. Plaintiff filed her initial complaint on March 1, 2005.

In a separate incident, the Plaintiff applied for the position of Program Technician in the Attala County FSA office. The Plaintiff along with another individual received the Competitive Certificate of Applicants at the GS-6 level. The Plaintiff was granted an interview on October 22, 2003, but was not selected for the position. The Plaintiff claims that she was the most qualified person and was the only applicant who qualified as a GS-7 level employee. The Plaintiff alleged that the official charged with making the hiring selection was seen meeting with the applicant who ultimately received the position on several occasions outside of the official interview. In addition, the Plaintiff alleges that the selecting official stated in public that he would not hire the Plaintiff because she was a known troublemaker. On October 28, 2003, the Plaintiff was informed she was not selected for that position at the Attala County FSA office.

The Plaintiff asserts that because she was no longer a federal employee she was unaware that she must complete the EEO process. She claims she contacted the Office of General Counsel for the USDA and sent forms to that office. Then, she alleges that the USDA General Counsel told her that her claims were not within its purview. The Plaintiff then contacted on EEO counselor on January 27, 2004. The Plaintiff filed EEO Complaint No. 040317 on March 17, 2004.

A Final Agency Decision was issued to the Plaintiff on September 14, 2005, stating that since

Plaintiff had filed a civil action in this Court, her EEO Complaint would be dismissed. The Plaintiff also was informed she had ninety days to file a civil action regarding this decision. On October 14, 2005, the Plaintiff filed a Motion for Leave to File Amended Complaint. The Plaintiff filed an Amended Complaint on December 8, 2005.

The Plaintiff filed her original Complaint on March 1, 2005, claiming discrimination by the Defendant on the basis of retaliation pursuant to Title VII of the Civil Rights Act of 1964. The Plaintiff filed an Amended Complaint on December 8, 2005, alleging that the Defendant created a hostile work environment, that she was constructively discharged, and that she was not hired for the Attala County FSA job because of discrimination.

The Defendant now moves this Court to dismiss this action and/or grant summary judgment on all of Plaintiff's claims. The Defendant states that the Plaintiff's complaints are time-barred because she failed to exhaust her administrative remedies in the specified time period laid out in the Code of Federal Regulations. In addition, the Defendant declares that the Plaintiff cannot make a claim for retaliation under Title VII. The Defendant also asserts that the actions the Plaintiff complains of do not rise to the level of adverse employment decisions. Finally, the Defendant alleges that the Plaintiff cannot make a prima facie case for either hostile work environment or constructive discharge.

The Plaintiff retorts that the Plaintiff's claims are not time-barred because the Defendant is estopped for asserting such a defense. The Plaintiff claims that this is the first time that the Defendant has raised this defense. In addition, the Plaintiff claims she is entitled to equitable tolling because she was unaware she had to use the EEO procedure once she was no longer a federal employee. Also, the Plaintiff asserts she can make a prima facie case of retaliation and constructive

4

discharge.

The Court notes that the Plaintiff concedes Counts II and III of the Amended Complaint. The Plaintiff made a claim under 42 U.S.C. § 1985 and a claim for intentional and negligent infliction of emotional distress. The Plaintiff concedes that the Section 1985 claim is not cognizable against the United States, and the claim for emotional distress fails because no notice was given pursuant to the Federal Tort Claims Act.

*B. Standard of Review*

Because matters outside the pleadings have been presented to and not excluded by the court in conjunction with this motion, the court treats this motion as one for summary judgment as provided for in Rules 12(b) and 56 of the Federal Rules of Civil Procedure.

In a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(C) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to

5

that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

1. Retaliation Claim

The Fifth Circuit has stated that to present a prima facie case of retaliation under Title VII a plaintiff must show: (1) he or she was engaged in an activity protected by Title VII; (2) he or she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004). See Banks v. East Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003). To demonstrate the occurrence of an adverse employment action, a plaintiff must show he or she suffered an "ultimate employment decision." Davis, 383 F.3d at 319; See Dollis v. Rubin, 77 F.3d 777, 781-82 (5th Cir. 1995). The Fifth Circuit has stated that ultimate employment decisions include actions affecting job duties, compensation, or benefits, and include hiring, granting leave, discharging, promoting, and compensating. See Banks, 320 F.3d at 575.

The Plaintiff has made three claims of unlawful retaliation. First, the Plaintiff states that she was counseled, reprimanded, and was subject to undue discipline by Kathy Farley. Second, the Plaintiff claims that funds were not dispersed by the USDA to the United States Bankruptcy Court on her behalf in retaliation for her filing an EEOC charge. Third, the Plaintiff claims she was not hired for the Attala County FSA position in retaliation for her prior EEOC activity. The Court will

6

take these three claims separately.

As to claim for bankruptcy funds, the Court finds that the Plaintiff was engaged in a protected activity–the filing of an EEOC charge. The filing of an EEOC charge is clearly a protected activity within the meaning of Title VII. Walker v. Thompson, 214 F.3d 615, 629 (5th Cir. 2000). However, the Court finds that the Plaintiff's claim fails because the release of money is not an adverse employment action. The Court finds that such an act has never been recognized as an adverse employment action. In addition, the evidence shows that Kathy Farley had no role in the failure to timely remit these funds. The proof shows that it was inadvertence. Thus, the Court finds that this claim for retaliation fails as a matter of law. See Banks v. East Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003).

As to the Plaintiff's claim regarding the Attala County FSA position, the Court again finds that the Plaintiff was engaged in the protected activity of filing an EEOC charge. In addition, the Court finds that Defendant's failure to hire Plaintiff represents an adverse employment decision. See Hockman v. Westward Communication, LLC., 407 F.3d 317 (5th Cir. 2004). Finally, the Plaintiff must assert that a causal link exists between her filing the EEOC charge and the Defendant not hiring her for the Attala County FSA position. The Plaintiff must raise a question that the Defendant was aware of the protected activity. See Manning v. Chevron Chem. Co., 332 F.3d 874, 884 (5th Cir. 2003). Here, the Plaintiff has raised the question that the Defendant was aware of her EEOC charge for discrimination. Thus, the Court finds that the Plaintiff has made a prima facie case for unlawful retaliation.

As to the Plaintiff's claim that she was reprimanded, counseled and disciplined unfairly, the Court finds that the Plaintiff was engaged of the protected activity of filing an EEO charge. The

7

Court finds the Plaintiff's claims of reprimand, counseling, and discipline are tenuous at best as ultimate employment decisions. However, for the sake of judicial economy, the Court finds at this time they do represent adverse employment decisions. Finally, the Plaintiff has raised the question that the Defendant was aware of her EEO complaint for discrimination. Thus, the Court finds that the Plaintiff has made a prima facie case for unlawful retaliation.

If the Plaintiff succeeds in making a prima facie case for retaliation, the burden shifts to the Defendant to offer a legitimate rationale for the underlying employment action. Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir. 2001). If the Defendant succeeds in making such a showing, then the burden shifts to the Plaintiff to demonstrate that the employer's articulated reason for the employment action was a pretext for retaliation. Id.

The Defendant asserts that the other candidate was hired for the Attala County FSA position because that candidate was more qualified. The Defendant states that the person hired had experience with farm loans while the Plaintiff lacked such experience. In addition, the Defendant asserts that the hiring manager never stated that the Plaintiff was a troublemaker. The Defendant also asserts that at times it is necessary to meet with a job candidate several times to ensure credentials and make inquires into prior job duties. Therefore, the Court finds that the Defendant had a legitimate rationale for not hiring the Plaintiff for the Attala County FSA position. Thus, the burden shifts back to the Plaintiff. The Court finds the record completely absent of any concrete proof that the Defendant acted in retaliation. The Plaintiff's brief is filled with self-serving statements and the affidavit of Brenda McDaniel. Ms. McDaniel is employed at the Attala County FSA office, but is also involved in a civil action against the Defendant. The Court finds nothing in the record persuasive to create a material issue of genuine fact on this issue. Thus, the Defendant

8

is entitled to judgment as a matter of law.

The Defendant further asserts that all members of the Washington County FSA Office were subject to the same rules and enforcement as the Plaintiff. In addition, the Defendant states that the Plaintiff violated the rules announced on June 8, 1998. The Defendant also asserts that the Plaintiff was reprimanded formally once and counseled twice, nothing excessive. Finally, the Defendant produced proof that everyone in the office was subject to the same rules as the Plaintiff. Therefore, the Court finds that the Defendant had a legitimate rationale for counseling, reprimanding, and disciplining the Plaintiff. Thus, the burden shifts back to the Plaintiff. The Court finds the record completely absent of any concrete proof that the Defendant acted in retaliation. The Plaintiff only cites her statements and her subjective beliefs as proof. The Court finds that Ms. Farley, while harsh, treated everyone in the office the same. There is absolutely no evidence that the Plaintiff was subject to disparate treatment. Therefore, the Court finds nothing in the record persuasive to create a material issue of genuine fact on this issue. Thus, the Defendant is entitled to judgment as a matter of law.

2. Constructive Discharge

Constructive discharge occurs when an employee quits his or her job under circumstances that are treated as an involuntary termination of employment. Haley v. Alliance Compressor, LLC, 391 F.3d 644, 649 (5th Cir. 2004); Young v. Southwestern Sav. & Loan Ass'n, 509 F.2d 140, 144 (5th Cir. 1975). The Fifth Circuit has stated: the general rule is that if the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has created a constructive discharge and is liable to the employee for any illegal conduct involved just as if it had formally terminated the employee. Jurgens

9

v. EEOC, 903 F.2d 386, 390 (5th Cir. 1990). Whether an employee felt forced to resign is a fact-specific inquiry. However, the Fifth Circuit has stated the following factors are relevant both singularly or in combination in determining whether constructive discharge has occurred: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a less qualified supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee to resign; or (7) offers of early retirement or continued employment on terms less favorable than employee's former status. Brown v. Kinney Shoe Corp., 237 F.3d 556, 566 (5th Cir. 2001).

The test that Dennis must meet is an objective, "reasonable employee" test: whether a reasonable person in the plaintiff's shoes would have felt compelled to resign. Haley, 391 F.3d at 650; Barrow v. New Orleans S.S. Ass'n, 10 F.3d 292, 297 n. 19 (5th Cir. 1994). "Proof is not required that the employer impose these intolerable working conditions with the specific intent to force the employee to resign." Jurgens, 903 F.2d at 390. The Fifth Circuit has stated that constructive discharge requires a much higher degree of harassment than that required by a hostile work environment claim. Brown, 237 F.3d at 566. Discrimination alone, without the accompaniment of aggravating factors is insufficient to make a claim for constructive discharge. Id. The resigned employee bears the burden of proof on a claim of constructive discharge. Jurgens, 903 F.2d at 390-91.

In the case *sub judice*, the Plaintiff claims that she was reprimanded for having lunch onsite with her daughter while another employee was not reprimanded. In addition, she claims that all of the discipline and the harassment came to a head when Kathy Farley demanded more medical documentation when Plaintiff desired leave to have major surgery. The Plaintiff stated that she was

10

singled-out and harassed by having to give personal details about her surgery. The Defendant counters that the Plaintiff was reprimanded once and counseled twice in a five-month period. The Defendant asserts that this is not harassment. In addition, the Defendant states that Kathy Farley asked for more medical documentation because the Plaintiff filed for leave under the Family Medical Leave Act and for the Voluntary Leave Transfer Program. Both of these programs require proof of diagnosis and proof of the recipient's prognosis. The Defendant states that once provided with the documentation the Defendant granted the Plaintiff leave for six weeks. The Defendant notes for the Court that this leave was requested in July instead of October.

The Court finds that the Plaintiff was not demoted, did not have her salary decreased, did not have her job responsibilities decreased, was not reassigned to menial work or to another supervisor, or was offered any type of early retirement or employment on terms less favorable than her current status. Thus, the only factor that this Court can address on this claim is that of badgering, harassment or humiliation. Using the reasonable employee test, the Court finds that a reasonable person would not have been compelled to resign. The Plaintiff has submitted no proof, other than self-serving statements to support her claim. It has already been established that the Plaintiff was treated no differently than any other employee with regards to office discipline. The depositions have shown that Kathy Farley was a tough boss, but she was a tough boss with everyone. Thus, the Court finds that no genuine issue of material fact exists, and that the Defendant is entitled to judgment as a matter of law on the constructive discharge claim.

3. Hostile Work Environment

In order to maintain a claim for hostile work environment a plaintiff must demonstrate that she (1) belonged to a protected group; (2) she was subjected to unwelcome harassment; (3) the

harassment complained of was based on her prior EEO activity; and (4) the harassment affected a term, condition, or privilege of employment. Frank v. Xerox Corp., 347 F.3d 130, 138 (5th Cir. 2003). The plaintiff is required to show that she subjectively believed the harassment was "sufficiently severe or pervasive, and this subjective perception must be objectively reasonable." Id. at 138. The Supreme Court has outlined factors that are to be considered to determine if the alleged harassment was severe or pervasive. These factors are not to be taken in isolation, but the court should consider the totality of the circumstances such as "the frequency of the discriminatory conduct; its severity, whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 27, 114 S. Ct. 367, 371, 126 L. Ed. 2d 295 (1993).

The Plaintiff, herein, clearly satisfies the first three elements of a hostile environment claim. However, a hostile environment claim would certainly fail because the Plaintiff could not prove that these incidents of "harassment" altered a term, condition, or privilege of her employment. Based on the evidence presented, there appears to be no objectionable conduct that rises to the level of severe. In addition, there was certainly no indication the Plaintiff was physically threatened; it is possible that the events could be construed as humiliating though the Plaintiff does not suggest that these events were done in public. In fact, the Court finds that the Plaintiff's claim of hostile work environment fails. The Plaintiff has not proved one scintilla of evidence that the actions were discriminatory and that it interfered with her work performance. The proof in this case shows that all employees were subject to Kathy Farley's rules and discipline. Thus, the Plaintiff has failed to meet her burden and the Defendant is entitled to judgment as a matter of law.

4. Plaintiff's Claims Are Time Barred

It also appears that Dennis' claims are time-barred. A federal employee who feels he or she has been discriminated against must contact an EEO counselor within forty-five days of the allegedly discriminatory action. 29 C.F.R. §1614.105(2005). If the employee does not raise issues at the administrative level, judicial action is not appropriate. Rainia v. Veneman, 152 Fed. Appx. 348, 350 (5th Cir. 2005); Pacheco v. Rice, 966 F.2d 904 (5th Cir. 1992). As to her claims for hostile work environment and constructive discharge, the Plaintiff waited almost a year before seeking the EEO counselor. In the case of her retaliation claim against the Defendant for failure to hire her in Attala County, that decision was made on October 28 and she did not seek counseling until January. She claims that she was not aware of her claims and in the second case she did not know she had to see an EEO counselor. At first glance, the Court is of the opinion that her claims are barred.

Limitations periods are subject to the equitable doctrines of tolling and estoppel. Nat'l RR Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); Manning v. Chevron Chemical Company, LLC, 332 F.3d 874, 880 (5th Cir. 2003). However, these equitable doctrines should be applied sparingly. Morgan, 536 U.S. at 113, 122 S. Ct 2061. The party invoking equitable tolling bears the burden of demonstrating that it applies to this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002).

The Fifth Circuit has identified three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights. Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 644 (5th Cir. 1998). The Plaintiff states that she was mislead about her rights and that she was unaware of her claim.

13

The Plaintiff asserts that the Defendant concealed information that supported her claim. The Plaintiff's argument lacks merit. The Fifth Circuit has stated that the limitations period is tolled only when the employer's affirmative acts mislead the employee and induce her not to act within the limitations period. Ramirez, 312 F.3d at 184; Tyler v. Union Oil Co. of Cal, 304 F.3d 379, 391 (5th Cir. 2002). In this case, the Plaintiff states that the General Counsel of the USDA made her fill out forms and that she did not know since she was no longer an employee she had to see the EEO counselor. The Court finds that the USDA did not mislead her and that her employer definitely did not take affirmative acts to mislead her. There is a possibility of inadvertence in this case, but the Fifth Circuit requires affirmative acts. Thus, her argument fails on equitable tolling.

Finally, the Plaintiff does not allege that the EEOC mislead the Plaintiff about her rights. The General Counsel of the USDA might have mistakenly advised her to do the wrong thing. Thus, the EEOC did not give her wrong information. Thus, she is not entitled to equitable tolling. The Plaintiff is also not entitled to estoppel. The Defendant raised the issue of limitations in its responsible pleading. Thus, the Plaintiff complaints are time-barred and her claims are dismissed.

## D. Conclusion

In sum, the Court is of the opinion that the Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims. The Plaintiff's claims for retaliation fail as a matter of law. In the instance of the claim for bankruptcy funds, the Court finds that the Plaintiff did not suffer an adverse employment decision. As to the other claims of retaliation, the Plaintiff made a prima facie case for retaliation, but the Defendant successfully rebutted those claims with legitimate non-discriminatory rationales for its actions. The Plaintiffs then failed to prove that the Defendant's actions were pretextual in nature or that she suffered disparate treatment. In addition, the Plaintiff failed to make

a prima facie case of either constructive discharge or hostile work environment. Thus, those claims fail as a matter of law. Finally, the Court finds that the Plaintiff's claims were time-barred for failure to exhaust administrative remedies. Therefore, the Plaintiff has not created a single issue of genuine material face. Thus, the Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 21st day of August 2006.

/s/ Glen H. Davidson
Chief Judge